# BELKNAP,

## JANUARY TERM, A. D. 1850.

---

## PERLEY *v.* PARKER.

To render a party liable to the four-fold assessment provided by the Revised Statutes, ch. 41, sec. 6, the account or invoice given in by him must be definite and certain, and such as may be sworn to.

A town voted to apply a fund at their disposal in reduction of the taxes of each tax payer equally, and the selectmen having assessed a tax, issued a warrant for the sum remaining, after making a deduction by reason of the vote.—*Held*, that the warrant was not for that cause illegal.

If the deduction so made was of a less sum than should have been deducted, the selectmen are not for that cause trespassers.

TRESPASS, for taking a buggy, chaise and harness of the plaintiff, on the 15th of February, 1848.

Plea, the general issue, with a brief statement, justifying the taking for a tax assessed against the plaintiff, for the political year ending March, 1848, by the defendants, the selectmen of the town of Meredith for that year.

It appeared in evidence that the plaintiff having refused to pay his tax, the property was duly taken and sold by S. W. Mead, who was collector of taxes of Meredith for that year, and the balance, after paying the tax, was repaid to the plaintiff, the amount of the tax being $28.64.

The counsel for the defendants objected that the action should have been case and not trespass. The court decided that the action was properly brought, to which the defendants excepted.

The defendants showed a state, county and town tax, all duly authorized and voted for the town of Meredith, in which the plaintiff was a resident, and liable to taxation ; that the defendants were the acting selectmen of said town during that year, and that they were duly chosen. To show that the defendants took the oath of office, they produced the records of said town, on which were entered directly after the record of their election, the letters "Sw." The town-clerk testified that such was his usual entry to show that an officer was sworn, and that he recollected that the selectmen were sworn by the moderator in the usual form of oaths to selectmen. The moderator also testified that he administered to the defendants the usual oath for the discharge of their duties. The defendants then moved that the town-clerk be permitted to fill up the record according to the facts, which was permitted by the court.

The plaintiff's counsel excepted that the evidence was not competent to show that the defendants took the oath of office.

It appeared that the plaintiff resided in what was termed by the records of the town, the first division of Meredith, and that he was separately invoiced for his poll and for property lying in that division, and that in a different part of the same invoice was inserted other property of his, situated in what was termed by the records the second division ; the taxes of said town being assessed on three separate portions of the invoice, in the three divisions of the town, and then all brought together in making up the amount of the taxes, and in the list delivered to the collector. To this manner of taking the invoices the plaintiff excepted as being illegal, as it did not appear how or why these divisions were made, or what authority the selectmen had to take the invoices in three divisions. Among the property invoiced and taxed in the first division, was one hundred and thirty-four dollars, stated to be

Perley *v.* Parker.

"stock in banks and other corporations." The evidence on the trial showed that this was money deposited in the Savings Bank at Meredith, in the name of John L. Perley, Jr., a child of the plaintiff, about eight or nine years of age; that the plaintiff made the deposit and had the deposit book, and has withdrawn the money from the bank. To this the plaintiff's counsel excepted that the money did not belong to him, and that it was not taxed to him as guardian; and also that the deposit was not stock in any bank or corporation. It appeared that there was invoiced and taxed to the plaintiff in the second division of the town $2,000, for improved and unimproved land, and $300 for stock in trade; that the land was situate in the second division, and belonged to the plaintiff, and that the stock in trade consisted of logs cut from said land by the plaintiff, and deposited chiefly upon the ice of a cove of Sanbornton bay, a few of them being upon the shore, some lying partly in the water and partly on the land, and some more than ten rods from the land, the land being bounded in part by the bay, and the cove jutting up into the lot, with booms stretched from one point to the other. The boundaries of the town of Meredith were as follows: "Beginning at a hemlock tree, marked with sundry letters, and spotted on four sides, standing at the Great bay, on Winnepisiogee river, at the N. E. side line of Sanbornton, where said line leaves said bay; thence runs north-westerly, bounding on said Sanbornton 5 miles and 124 rods, to a beach tree marked, it being the corner bound between said towns; thence north, 55 degrees east, ten miles and 226 rods, to a hemlock and spruce tree, both standing on a rock; thence to 35 degrees east, 30 rods, to a pine tree marked, standing on a ledge of rocks by the side of the Winnepisiogee pond, where a small brook or branch runs into said pond on the easterly side of said pine tree; thence bounding on said pond, river and bays till it comes to the bounds begun at."

Perley *v.* Parker.

The plaintiff excepted that the logs were not within the limits of the town of Meredith, and so were not liable to taxation.

The plaintiff also excepted that he gave in his invoice of taxable property, and that in that invoice he did not give in the property taxed as stock in trade, nor the land in the second division, nor the bank stock; and that said property, not given in by him, is taxed as on an invoice given in by him like the other property, instead of being taxed four-fold, according to the statute.

The evidence in regard to the taking of the invoice was as follows: One of the selectmen called upon the plaintiff, and said to him that he had come to take his inventory; that the plaintiff thereupon showed him his oxen and gave in his cows, a sheep and a horse and carriage; that the selectmen then asked him about his real estate, and he said it was about as it was last year, excepting a small place at the village which he had sold for one thousand dollars, and he gave in that thousand dollars as money at interest.

It appeared that the plaintiff was not taxed for the real estate in the second division the preceding year.

In the list of taxes delivered for collection, the amount directed to be collected of the plaintiff was $28.64, and the amount assessed against him was $28.80, the amount in the list being 16 cents less than in the assessment. It appeared also that the amount of the other taxes generally was some twenty cents less than the assessment.

It appeared that the town had several thousand dollars of the surplus revenue fund, the interest on which for that year was $348, and the amount of interest paid in was $411, the whole amount due for the preceding year not having been paid in during the year; and the town had passed the following vote in regard to the same:

"Voted, that the interest arising from the surplus revenue be deducted from the tax of every tax payer, if the tax amounts to it; if not it shall go into the current expenses of the town."

The plaintiff contended that the vote of the town to deduct from the taxes could give no authority, even if the vote had been followed; and, further, that the vote was not followed because the deduction was not uniform, being 16 cents on the plaintiff's tax, and 20 cents on others, because the income from the surplus money that year was either $348, the interest, deducting agents' fees, or $411, the actual amount received, and this would give to each tax payer, the number being 767, not 16 cents, but 45 cents in one case and 52 cents in the other.

A verdict was taken, by consent, for the plaintiff, on which judgment to be entered, or the verdict is to be set aside and judgment is to be entered for the defendants, as the opinion of the court shall be upon the case and exceptions saved.

*Perley*, for the plaintiff.

*Bell*, for the defendants.

Wilcox, J. This action is brought for illegally taking the plaintiff's property. If that act is not justified, then trespass is the proper action. If the ground of complaint was an improper assessment, or any official misconduct of the defendants, then the remedy is case. In *Perry* v. *Buss*, 15 N. H. 224, it was said that trespass would lie " where the party was not liable to the assessment of any tax, or where the party making the assessment had no authority to assess a tax. But if the authority exists to assess taxes, and the party was liable to some tax, then trespass may not be a proper remedy." *Walker* v. *Cochran*, 8 N. H. 166.

On the part of the plaintiff it is said, that as he gave in his invoice when called upon by the selectmen, they had no power to tax him for any property not included in such invoice, except by force of the statute which provides for the imposition of the four-fold tax in cases of fraudulent

concealment or omission of such property in rendering the required invoice. The statute referred to (Rev. Stat., ch. 41, sec. 6) provides for the "wilful omission" of taxable property in rendering the account required by the selectmen, and prescribes the four-fold tax as a penalty for "the fraud," as the statute designates such wilful omission. It has been held that such a penalty is not authorized except in cases of fraudulent and wilful omission; and that where the omission has arisen from the party's mistake, whether of his liability to be taxed for such property, his ownership of it, or otherwise, the case was not presented which justified the imposition of the four-fold tax. *Perry's Petition*, Cheshire, July, 1844. The consequence would seem to follow, if the plaintiff's position is sound, that by omitting any property from the invoice not through fraud, it would escape taxation entirely.

It may not be necessary in this case to determine whether such a consequence would follow an omission founded in mistake and misapprehension of facts, or of the legal rights of the party, since a precedent inquiry must be made, whether the plaintiff ever gave in to the selectmen the account or invoice contemplated by the statute.

Such an account or invoice must be rendered upon the request of the selectmen; it must be certain and definite, and one to which an oath can be taken, if required. Sec. 4.

The present is not so strong a case as *Tucker* v. *Aiken*, 7 N. H. 120, where the invoice was held insufficient. There the plaintiff, when called upon, gave an account of his cattle and other property, but as to his bank stock and money, replied that he was taxed high enough the year before; but if it would be of any advantage in taxing others correctly, he was willing to be raised five dollars. To this the selectmen assented, but afterwards, on learning other facts, added $5,000 to his bank stock of the year before. It was held, that this was not giving an account of his bank stock and money.

In the present case, the plaintiff showed his oxen, and gave an account of his other cattle and property, and as to real estate said it was about as last year, except a place which he had sold for $1000, and he gave in that $1000 as money at interest. Now this may all have been fairly intended. on the part of this plaintiff, but if it be sanctioned as a sufficient invoice, it is so loose and indefinite that it may be made the means of evading rather than of giving a true account. It is not an invoice that could be sworn to. His real estate was "about the same as the year before;" what is the import of the word "about" in such a connection? And are the selectmen to undertake to hunt up what he was taxed for the year before?

So he gave in "that $1000 as money at interest." He did not assume to give in $1000 generally, as his money at interest, for that would imply that he had no more at interest; but the case finds that he gave in "that $1000 as money at interest," which was proper. Still he might have other money at interest for which he was taxable. Supposing this account had been sworn to by the plaintiff, and he had been indicted for perjury because he had more real estate or money at interest than the invoice specified. He might well say that he had sworn only that his real estate was *about* what it was the year before, and that "that $1000" was taxable, without saying that he had no more.

We are, therefore, of the opinion that the plaintiff did not give in an invoice or account of his taxable property within the meaning of the statute. If an invoice is insufficient for one kind of property it is so for all.

It thus becomes immaterial whether the plaintiff had or had not the stock in banks and other corporations, stock in trade and other property, for which he was taxed. Rev. Stat., ch. 41, sec. 5.

But it is said that the warrant is void because it does not follow the assessment; that it is for a less sum than

the tax actually assessed, the plaintiff having been credited with an amount supposed to be due him from the town on account of the interest of the surplus revenue fund; and a case is cited from Maine where the warrant was held void because it exceeded the tax. We think, however, that the defendants cannot for this cause be held to be trespassers. They have not, as was the case in Maine, exceeded their authority; they have kept within it. They have only collected of the plaintiff less than they had the right to collect. They have done him no injury. There are many cases where tax payers have credit on their taxes for payments previously made, especially highway taxes, for labor done the year before; and some towns give the inhabitants the right to pay to the treasurer by a certain time, and on such payments make them a fixed allowance; and the taxes remaining unpaid are then committed to a collector for collection.

The taxes are duly assessed. The warrant in such cases may be for the full amount, with a credit of the payment, or perhaps it may be for the balance. Whichever course is pursued, the warrant is substantially for the balance; and it appears that the money to be collected is for taxes, and for that year, and for what purpose. If any action would lie for the plaintiff in such a case, it would seem that under our statutes it must be case and not trespass, for this mere irregularity in the proceedings of the selectmen. An execution on a judgment paid in part, issues for the balance due. It is true it recites the judgment as originally rendered, and the part payment; but this recital is matter of form, and if omitted might be amended, if necessary. The effective part of the execution is the command to levy the balance due.

But it is said that the defendants did not deduct so much as they ought to have done, under the vote appropriating the interest of the revenue fund to the payment of the taxes. If this be so the plaintiff has an appropriate

remedy. As there is no evidence that the defendants acted from any improper motives in this matter, but only that they have not allowed the plaintiff as much credit on his taxes as he was entitled to, and as they have only collected a just tax against him, his remedy is by an action on the case, or in some other form than trespass against the selectmen to recover what he has lost by such omission. The tax is not void by reason of the error. Perhaps if the plaintiff had tendered the amount due, after deducting the credit to which he was entitled, it might have discharged him.

*Judgment for the defendants.*