Two principles applicable to this case, must now be deemed as settled: First, that in a contract between A and B, wherein B assumes and undertakes, upon a good consideration from A, to pay a certain sum of money to C, the latter may maintain an action against B to recover the money, and this, although the arrangement was originally made without his knowledge or assent. This principle has been established, both where personal property was the subject of the contract, and where real estate was conveyed, upon which there was a mortgage, the amount of which the grantee promised that he would pay to the mortgagee. (Lawrence v. Fox, 20 N.H. 268; Burr v. Beers, 24 N.Y. 178; Hartley v. Harrison, id. 171; Russell v. Pictor, 3 Seld. 171.) Secondly, that where land is conveyed simply "subject to a mortgage," and there is no express agreement to pay, no agreement will be implied; and no action involving a personal liability can be maintained by the mortgagee against the buyer. (Belmont v. Coman, 22 N.Y. 438.)
The plaintiff bases his claim upon the first of these principles; the defendants resist it upon the second. If the article of transfer of October 8, 1853, may fairly be held to contain a promise to pay the plaintiff's debt, he may recover upon it. If not, he must fail or seek some other ground.
In the case of Belmont v. Coman (supra), it was held that the transaction amounted simply to a conveyance of the equity of redemption of the land. The deed contained full covenants, and the recital of the mortgages was to qualify simply the grantor's liability on his covenants. The conveyance of the land, with its liability to the incumbrances specified, was the evident and sole intention of the parties. The deed containing no express promise to pay the liens, it was held, and rightly, that none should be implied.
In the present case the language of the instrument and the intent of the parties are different. Here was no incumbrance on the property conveyed. The contract to indemnify the builder of the sewer was merely the personal obligation of the partnership, and was not a lien upon the property conveyed. The intent to qualify a liability arising *Page 578 
from such lien upon the property conveyed, could not, therefore, exist. The only conceivable intent with which this sewer contract was thus referred to, was to furnish the evidence that the new company would pay to Dingeldein the amount which the partnership was bound to pay, under the resolution referred to. The fact that in Belmont v. Coman the words were necessary to qualify the grantor's liability, and that here there was no such occasion, gives a different rule for the construction of the words in the two cases.
The language, too, is different, and may well bear a different construction. In Belmont v. Coman, the land is conveyed "subject to the mortgage." There is a significant difference between the expression "subject to a mortgage," and "subject tothe payment of a certain debt." In the present case, the property of a partnership, consisting of a railroad franchise, a road partly built, cars, horses, sleighs, harness, leases and licenses, is transferred to a corporation, "subject to thepayment by the parties of the second part of all the money which the partnership are bound to pay on account of sewers," specifying the claim in question. They do not take the property "subject" to an incumbrance of the sewer debt, for there is no such incumbrance. It formed no lien on the property sold, and no connection with the subject unless the debt was intended to be assumed. They take it subject "to the payment" by themselves of the sewer debt, i.e., to a liability by themselves to pay the debt. They undertake to relieve the partnership from the payment of the debt, and to make themselves liable or responsible for it. That is the subjection or service to which they bind themselves. No other meaning can be given to this language, and no other intent can be imagined in the minds of the parties, than that the corporation made itself responsible for the payment of the sewer debt. The whole clause is irrelevant and useless except upon this theory. In my opinion, the referee was right in holding that this language amounted to an agreement to pay, and the General Term was in error in reversing the judgment. *Page 579 
The appellant insists that under the circumstances of the case, the plaintiff could recover, although there had been no privity of contract between the parties, and cites many authorities to sustain his position. Without passing on this question, I prefer to place my judgment upon the ground that there is a contract between the parties, by virtue of which the plaintiff is entitled to recover.
The respondent insists that the agreement between Dingeldein and the partnership, was in violation of public policy, and illegal and void. This is not set up as a defense in the case, and no such issue was before the referee, and we are not called upon to decide it. The referee has not found that there was fraud or bad faith, or facts which necessarily constitute illegality or fraud. All intendments and presumptions are to be made in favor of the report and none against it.
The judgment of the General Term ordering a new trial should be reversed, and the judgment upon the report of the referee affirmed.
All the judges concurring, except WOODRUFF, J., not voting,
Order reversed, and judgment upon the report of the referee affirmed. *Page 580