JOHN SCOTT, Appellant, *against* SAMUEL MCMILLAN, Respondent.

(Decided June 4th, 1877.)

Where one of the grantors of the defendant had made a covenant with the plaintiff to contribute to the expense of a party-wall built by the plaintiff, in case such grantor should use and enjoy the same, and the deed to the defendant was made subject to such agreement in regard to the party-wall, and he thereafter used the party-wall and extended it by building on thereto,—*Held*, that he was not bound to contribute to the party-wall, as provided in the agreement by his grantor; that the agreement was a mere personal one, which did not run with the land, and that he was not bound by it.

APPEAL by the plaintiff from an order of this court at special term sustaining a demurrer to the complaint.

The complainant alleged as a first cause of action as follows :—

" That prior to and at the time of the execution of the agreement. hereinafter mentioned between the plaintiff and Margaret McMillan, the plaintiff was the owner in fee simple and in possession of a lot of land on the northerly side of Forty-third Street in the city of New York, between the Ninth and Tenth Avenues, distant two hundred feet easterly from the easterly side of Tenth Avenue, twenty-five feet wide on Forty-third Street and one hundred feet and four inches deep parallel with those avenues, being the same lot of land described in the said agreement as the lot of land of which the plaintiff is the owner, and the said Margaret McMillan as the widow of John McMillan, the deceased (who at the time of his death was seized of an estate of inheritance therein), was entitled to dower in a lot of land immediately adjoining on the westerly side thereof the said lot of the plaintiff, and being fifty feet wide on Forty-third Street, and one hundred feet four inches deep, parallel with the avenues aforesaid, and being the same lot of land described in the said agreement as the lot of land of which she is the owner.

" The plaintiff being about to erect a house upon the lot

of land so owned by him on the 15th day of October, 1871, the plaintiff and the said Margaret McMillan executed and delivered to each other an agreement in writing in the words following:

{ Stamp. } This agreement, made the fifteenth day of October, 1871, between John Scott, of the city, county and State of New York, of the first part, and Margaret McMillan, administratrix, of the same place, of the second part, witnesseth : That whereas the said party of the first part is now owner of premises on the north side of Forty-third Street, between the Ninth and Tenth Avenues in said city, and party of the second part is owner of premises immediately adjoining on the westerly side thereof, as the same are divided by a line two hundred (200) feet east of the easterly side of the Tenth Avenue, and running parallel thereto from the northerly side of Forty-third Street aforesaid, to the centre line of the block between Forty-third and Forty-fourth Streets; and whereas the said party of the first part is about to erect and build a dwelling-house upon the premises owned as aforesaid by him, so that the westerly wall of said dwelling is to be a party-wall.

" Now, therefore, in consideration of the premises and of the sum of one dollar each to the other paid, the receipt whereof is hereby acknowledged, it is hereby understood, covenanted and agreed by and between the parties for themselves, their heirs and assigns, that the said party of the first part in building the said dwelling-house may make use of, occupy and possess the land and premises of the party of the second part immediately adjoining, for the purpose of building and erecting a party-wall for said house sixteen inches in width, so that the said wall may stand and be one-half in width upon the lot of the party of the first part, and the other half in width upon the lot of the party of the second part, as the same are so divided by said line two hundred (200) feet from the corner of Tenth Avenue and Forty-third Street, and the party of the second part may in like manner use the said land of the party of the first part immediately adjoining his in like manner, and for a like purpose, but no part of the

fee of said respective lots shall pass to or be vested in either of the parties hereto, their heirs or assigns.

" Second.—That the said party of the second part or his legal representatives may at any time hereafter use and enjoy the said party-wall as the westerly wall of whatever dwelling he may erect on his said lot in common with the said party of the first part, on he or they paying one-half of the value thereof, or of so much as is intended to be used as hereinafter provided.

" Third.—If the parties hereto or their legal representatives cannot agree between themselves as to the value of said wall, then the party of the first part shall appoint a practical builder or mason on his behalf, and the party of the second part shall also appoint a practical builder or mason on his behalf, and the two persons thus appointed will proceed to appraise and value the said wall, and the amount of valuation thus arrived at is agreed to be taken and considered as the value thereof. In case such appraisers should disagree, they shall have power to appoint a person as umpire, and the parties hereto agree to abide by the determination of such arbitration.

" The party of the second part, on paying one-half the amount thus appraised or agreed on as the value of the said wall, shall be at liberty to use the same, as provided in the second clause of this agreement.

" Fifth.—It is understood that if the party of the second part should first build a dwelling-house on his lot, then the same restrictions as to valuation and the paying one-half the appraised or agreed value of any wall he may build as are now assumed by the party of the second part, are to apply to and be assumed by the said party of the first part.

" In witness whereof, the parties hereto have set their hands and seals the day and year first above written.

"JOHN SCOTT, [L.S.]
"MARGARET McMILLAN, [L.S.]

" Sealed and delivered ⎱
    in presence of    ⎰
    " Jos. Cudlipp.

"And that the said agreement was acknowledged by both the parties thereto, so as to entitle the same to be recorded, and was recorded in the office of the registrar in and for the city and county of New York, on the 10th day of November, 1871.

"The plaintiff further states that afterwards, and after the delivery and recording of the last-named agreement, and on the faith thereof, the plaintiff proceeded to and did erect a house upon his said lot of land, and in so doing erected a party-wall for the said house sixteen inches in width and sixty-one feet in depth in a northerly direction, commencing on the northerly side of West Forty-third Street and standing one-half in width upon the lot of land of the said Margaret McMillan, mentioned in the said agreement, and the other half in width upon the said lot of the plaintiff, and in all respects conformable to the said agreement, and that the plaintiff has performed all the conditions of the said agreement on his part to be performed.

"The plaintiff further states that afterwards, and on the 7th day of December, 1875, the defendant purchased of the said Margaret McMillan and of John McMillan and Elizabeth Clara McMillan, who were heirs-at-law of the said John McMillan, deceased, and as such heirs-at-law were seized in fee simple thereof as tenants in common, the said lot of land described in the said agreement as the lot of land owned by the said Margaret McMillan, and thereupon the said Margaret McMillan, John McMillan and Robert Auld, as the special guardian of the said Elizabeth Clara McMillan (who was then an infant), executed to the defendant and the defendant received and accepted from them a deed of the said last-named lot of land, including the one-half in width of the said party-wall standing thereon, granting and conveying the same to him in fee simple, subject to the aforesaid agreement between the plaintiff and the said Margaret McMillan, of which agreement the defendant had actual as well as constructive notice, and was fully informed prior to and at the time of the execution and acceptance by him of the deed aforesaid of the last-named lot of land, and the plaintiff is

advised and believes that the said agreement was an incumbrance upon and ran with the land so purchased by and conveyed and granted to the defendant.

"The plaintiff further states, that afterwards and on or about the 1st day of July, 1876, the defendant commenced the erection of a house upon the last-named lot, and from thence until on or about the 10th day of August, 1876, continued the erection thereof until the said house was finished and completed on or about the last day named; and that in the erection of the last-named house the defendant used and enjoyed the whole of the said party-wall as the westerly wall thereof in common with the plaintiff, and that the defendant in the erection of the said house extended the said party-wall upwards the entire length and width thereof two feet or thereabouts, and also extended the said party-wall (which is one entire compact wall, and forms the easterly wall of the said house of the defendant,) the full width of the same nine feet laterally and in a northerly direction as far as the house so erected by him extends in that direction, in continuation of and beyond the northerly terminus of the said party-wall so erected by the plaintiff, and to the height of the house so erected by him, and that the said wall as so extended stands one-half thereof upon the said lot of the plaintiff and one-half thereof upon the said lot of the defendant.

"The plaintiff further states, that as he is advised and believes, the defendant had the right to so extend the said party-wall, both upwards and laterally, under and pursuant to the agreement aforesaid between the plaintiff and the said Margaret McMillan, and that except for the said agreement such extension would have been without the license or consent of the plaintiff and without right or lawful authority, and that the defendant thereby adopted, ratified and confirmed the said agreement, and became and is estopped from denying that such extension was made under and pursuant to the said agreement, and is bound in equity, if not at law, to perform the whole of the said agreement, and pay the plaintiff the one-half of the value of the said party-wall erected by the plaintiff.

" The plaintiff further states, that the plaintiff and the defendant have been unable to agree between themselves as to the value of the said party-wall, and being unable to agree the plaintiff has appointed on his part a practical mason, to wit: one William Thomas, to appraise and value the said party-wall, and has notified the defendant in writing of the said appointment, and demanded of the defendant that he should appoint on his part a similar appraiser, to appraise and value the said party-wall; but the said defendant has neglected and refused to appoint a practical builder or mason, or any other person on his behalf, to appraise and value the said party-wall, although a reasonable time in which the defendant might and ought to have done so has elapsed.

" The plaintiff further alleges, that the reasonable value of the whole of the said party-wall is sixteen hundred dollars, and that the defendant has hitherto refused and still refuses to pay the plaintiff one-half of the aforesaid value of the said party-wall, though requested so to do, and entirely denies his liability to pay the plaintiff any sum whatever for the use and enjoyment by the defendant of the said party-wall."

The complaint also contained a second cause of action. The defendant, reserving his right to answer the second cause of action, demurred to the first alleged cause of action, on the ground that it did not state facts sufficient to constitute a cause of action.

The court at special term ordered judgment on the demurrer, with leave to the plaintiff to amend on payment of costs.

*A. R. Dyett*, for appellant.

*George H. Forster*, for respondent.

VAN HOESEN, J.—The plaintiff concedes that the defendant's liability would have been questionable if he had not entered upon the plaintiff's land and built thereupon

half of a party-wall, which was nothing more than a prolongation of the party-wall which the plaintiff had constructed under the authority given him by Mrs. McMillan's agreement. This does not fairly present the actual state of facts, for Mrs. McMillan had no power to authorize the building of the party-wall on the land of her children, and furthermore, the plaintiff had built the wall upon his own land in the exercise of his right of ownership, and not by permission of Mrs. McMillan. The defendant, when he broke and entered the plaintiff's close, did not do so under the authority conferred by any of the provisions of that agreement. There is not a clause in the agreement which can be construed to warrant the taking by the defendant of any of the plaintiff's land for the building of a party-wall. The fifth article of the agreement does, indeed, provide that if the party of the second part (Mrs. McMillan) should first build a dwelling-house on her lot, the plaintiff should assume and be bound to pay one-half of the expenses incurred by her in building the party-wall in case he afterwards used it. The agreement was undoubtedly made in ignorance of the fact that Mrs. McMillan had no other interest in the land than her right of dower, and its effect was to confer a personal privilege and a personal right upon her. It did not authorize any one not in privity with her to enter upon the plaintiff's land for the purpose of building a party-wall. Certainly the defendant could not have maintained an action upon the agreement against the plaintiff if the latter had refused to permit him to build a party-wall, though the plaintiff doubtless has a right of action against the defendant for entering upon his land and constructing a wall upon it. This action cannot, therefore, be supported upon the ground that the defendant knowingly and deliberately availed himself of a privilege conferred by the agreement of building on the plaintiff's land an extension of the party-wall, and, therefore, having enjoyed the advantages, must bear the burdens growing out of the agreement. The case is that of a purchaser of land who is sued for a share of the cost of building a party-wall because a former owner or claimant of the land made a personal covenant

Scott v. McMillan.

to pay such share. It is directly within the principle of *Cole* v. *Hughes*, (54 N. Y. 444).

The plaintiff urges, moreover, that the defendant has assumed the obligation of paying for the party-wall because he took the land " subject to the agreement " between the plaintiff and Mrs. McMillan ; and the case of *Dingeldein* v. *The Third Avenue R. R. Co.* (37 N. Y. 575) is cited as an authority in support of that position. That case seems to me to be an authority in favor of the opposite conclusion. The phrase " *subject to the agreement* " is a mere recognition of the right of the plaintiff to have and maintain the party-wall upon the land which the defendant was purchasing. The right to the party-wall was an easement possessed by the plaintiff in that land, if Mrs. McMillan's agreement was sufficient to create it. The wall worked a diminution of the control of the defendant over his land, and, like any ordinary incumbrance, was mentioned in the deed. In the Dingeldein case, there was no incumbrance, and the words " subject to the payment " (not subject to the agreement, as in the present action) would have been without meaning or effect, if they had not been construed to import an agreement to pay the claim they referred to.

The case of *Hoffman* v. *Barry* (2 Hun, 52) disposes of the objection as to the costs.

CHARLES P. DALY, Ch. J., concurred.

Order affirmed, with costs and disbursements.*

* Affirmed by the Court of Appeals in 76 N. Y. 141.