JOHN T. WEEKS, as Executor of Philemon H. Frost, Plaintiff, *against* SAMUEL MCMILLAN, Defendant.

(Decided March 13th, 1885).

A contract by an owner of land whereby he consents to the construction of a party wall partly on his land and partly on land of an adjoining owner, and agrees for himself, his heirs and assigns, that when he shall use said wall he will pay to such adjoining owner, his heirs or assigns, a certain sum, does not bind his subsequent grantee of the land by a deed in terms subject to such agreement to make such payment upon using the party wall; nor is such grantee liable as a trespasser for using the wall without making such payment, though he took with knowledge of the agreement and of the fact that the payment agreed upon had not been made.

SUBMISSION of controversy upon admitted facts.

The case submitted was as follows:

"Philemon H. Frost, the plaintiff, claims to recover of Samuel McMillan, the defendant, $500 as damages for trespass. The defendant resists said claim.

" The following are the facts upon which the said controversy depends:

" The plaintiff is, and was at the times hereinafter mentioned, seized and possessed of a lot on the north side of East Eleventh Street, in the City of New York, which lot is now known as No. 57 East Eleventh Street, but was formerly known as 19 West Eleventh Street.

" That on the dividing line between said lot and the adjoining lot on the west (at that time owned by one Augustus P. Woodruff), which dividing line is 356 feet 9 inches westerly from the northwest corner of Broadway and Eleventh Street, in said City of New York,.plaintiff, with the consent of said Woodruff, built a wall, pursuant to the specifications and agreements contained in a contract under seal, entered into by the plaintiff and said Woodruff on September 23d, 1852, which contract was recorded in the office of the Register of the City and County of New York, on October 4th, 1852.

" Said contract was as follows :

PHILEMON H. FROST,⎫
    of City of New York,⎪
        TO         ⎬
AUGUSTUS P. WOODRUFF,⎪
    of Westchester Co.⎭

" WITNESSETH, That said party of the first part agrees, with the consent of the party of the second part, to erect a wall, partly upon the land of the said party of the first part and partly upon the land of the said party of the second part, on the lots of the parties hereto, adjoining each other and situate on the north side of Eleventh Street, in the City of New York, the division line between the said lots being 356 feet 9 inches westerly from the northwest corner of Broadway and Eleventh Street. Said wall to be 62 feet deep from the front line of said lots on said division line, the basement or cellar wall to commence 11 feet below the level of the curbstone, and to be 16 inches in thickness, as follows: 8 inches thereof upon the lot of said party of the first part, and 8 inches thereof upon the lot of said

party of the second part, and above the cellar the said wall to be 12 inches in thickness, except the chimneys, 6 inches thereof being upon the lot of each of the parties hereto, the said wall to be 70 feet high, including the cellar wall, and to be built and carried up in a good and workmanlike manner, of good hard brick and lime and sand mortar, and to be and remain a party wall forever.

" And the said party of the second part, for himself, his heirs and assigns, hereby agrees with said party of the first part, his heirs and assigns, that when he shall use the said wall as a party wall, or any part of it in any manner, he will pay to the said party of the first part, his heirs or assigns, the sum of $350; and he further agrees that he will not cut into said wall over 4 inches for inserting beams or for any purpose whatever. And it is understood and agreed between the parties hereto that the said parties, and each of them, shall be at liberty to build on or carry the said wall higher in the erection of any building which may be erected by either of them upon their respective lots, and that they and each of them shall, for the like purpose, be at liberty to continue the said wall to the rear of the respective lots, and every such continuation of said wall shall be in like size and dimensions and quality of material and workmanship to the wall hereinbefore agreed upon, and the party who may use the continuation of said wall shall pay to the party who may build the same, his heirs or assigns, one half the value thereof before he may in any manner use the same, or so much thereof as he may use only, to be assessed by three disinterested persons, one of whom shall be chosen by each party, and the two so chosen to choose a third person, a decision of a majority of whom to be binding upon the parties hereto. The parties hereto bind themselves each to the other for the due and punctual performance of this agreement.

" In witness, etc.

 (Signed)  PHILEMON H. FROST,   [L. S.]
       AUGUSTUS P. WOODRUFF. · [L. S.]
" Ack'd October 4th, 1852.

" That said wall was built by plaintiff shortly after said contract was recorded, one half of said wall upon the land of the plaintiff, and one half upon the land of the said Woodruff, where said wall stands to this day. That the dividing line between said lot of plaintiff and that of said Woodruff runs through the middle of said wall in its entire length. That said Woodruff subsequently conveyed his said lot, and through several mesne conveyances, the same on or about November 26th, 1880, became the property in fee simple of this defendant. That all of said mesne conveyances and said conveyance to defendant were expressly made subject to the agreement aforesaid, and that defendant became owner of said lot with full knowledge of said agreement, and of the existence of said wall erected thereunder. That on or about the      day of          1881, the defendant began to build a house upon his said lot, which house was finished, on or about the    · day of 1881: That in building said house he made use of said wall without plaintiff's knowledge or consent for the support of the beams of the said house, and removed from said wall, bricks and mortar for the purpose of making holes for the support of said beams, and inserted beams therein and built upon the same, but in doing so, he only made use of so much of the wall as stands upon his own lot and only removed bricks from that part of the wall which stands upon his own lot, and did not pass beyond the dividing line of the lots, that is to say, the middle of said wall. That defendant has repeatedly been asked to make good to plaintiff the alleged damage done to plaintiff under the above stated facts, but defendant has refused to make reparation.

" The questions submitted to the court upon this case are as follows :

· " *First*. Is plaintiff the owner of the whole of said wall ?

" *Second*. If not, is defendant the owner of so much of the wall as stands upon his own land ?

" *Third*. Has the defendant an absolute right to make use of the wall as herein set forth without paying therefor ?

" *Fourth*. If not, has defendant by using the wall as

herein set forth committed a trespass upon plaintiff's property for which plaintiff has a right of action against him?

" The damages are stipulated at $350, and interest from the date of completing the house, and if the decision is in favor of the plaintiff, judgment is to be rendered for that sum, with costs and disbursements. If judgment is rendered in favor of defendant he is to recover from plaintiff his costs and disbursements."

Pending the submission, Frost died, and John T. Weeks, as executor, was substituted as plaintiff in his stead.

*Fred. W. Hinrichs* and *W. B. Wetmore*, for plaintiff.

*J. Bryant Lindley*, for defendant.

VAN HOESEN, J.—I cannot distinguish this case from *Scott* v. *McMillan* (8 Daly 320 ; 76 N. Y. 141). I do not think the rights of the parties are at all changed by calling this an action for trespass. There has been no trespass, however. The agreement is very loosely drawn, and it purports to bind Woodruff, his heirs and assigns, for the acts of Woodruff only. There is no clause in the agreement that binds or purports to bind the grantees of Woodruff to pay for the wall if they should use it. The words are, " The party of the second part (Woodruff) for himself, his heirs and assigns, agrees with Frost, his heirs and assigns, that when he (Woodruff) shall use the wall as a party wall or any part of it in any manner, he (Woodruff) will pay to Frost, his heirs and assigns, $350."

The cases of *Cole* v. *Hughes* (54 N. Y. 444) and *Scott* v. *McMillan* (*supra*) show that when McMillan, a remote grantee of Woodruff, used the wall which he found upon his own land, he did not become bound to pay the amount that Woodruff had agreed to pay. McMillan was not liable upon any covenant, express or implied. Nor was he a trespasser in making use of his own land and its appurtenances, even though he knew that the person entitled to be

paid for the building of those appurtenances had not been paid.

Under the laws of the State of New York, as expounded by our highest court, McMillan is entitled to judgment in his favor.

CHARLES P. DALY. Ch. J., and LARREMORE, J., concurred.

Judgment for defendant.