IRVING TRUST COMPANY, as Trustee under the Last Will and Testament of SARAH AMELIA PEARSALL FAY, Deceased, and Others, Appellants, *v.* ANAHMA REALTY CORPORATION, Respondent.

First Department, June 28, 1940.

*C. Murray Kavanagh* of counsel [*Fletcher & Brown*, attorneys], for the appellants.

*George Levitus* of counsel [*Arthur P. West* with him on the brief; *Bleakley, Platt & Walker*, attorneys], for the respondent.

GLENNON, J. This action was instituted by plaintiffs upon a written agreement executed on June 25, 1926, to recover monthly installments due thereunder for a period which commenced on

October 1, 1937, and ended on September 30, 1938, in the total sum of $8,499.96 with interest. The parties to the agreement are Irving Bank-Columbia Trust Company, now Irving Trust Company, as trustee, party of the first part, Trustees Building Corporation, named in the agreement as the lessee, party of the second part, and the defendant, Anahma Realty Corporation, as the party of the third part.

At the time the agreement was entered into, the defendant was the owner of the premises located at 342 Madison avenue, borough of Manhattan, New York city, known as the Canadian Pacific Building. During the period for which payments are demanded in the complaint, plaintiffs were the owners of 336 Madison avenue, which immediately adjoined and now adjoins the Canadian Pacific Building.

Under the terms of the agreement, the defendant was given a light and air easement over the premises 336 Madison avenue. The consideration for this easement is recited in the agreement as follows: " *Second.* Anahma hereby agrees to pay to the Lessee the sum of Eight Thousand Five Hundred Dollars ($8,500) per annum, said payments being made in equal monthly installments in advance on the first day of each and every month during the term hereof commencing June 26, 1926, and while the Lessee and its successors in interest shall not be in default hereunder."

At the time the agreement was entered into, the Trustees Building Corporation was the tenant of plaintiffs' premises. Subsequently, plaintiffs dispossessed Trustees Building Corporation and as a result thereof the monthly installments for a period of time were paid directly to plaintiffs by the defendant. There is no dispute that the plaintiffs have performed all the terms and conditions of the agreement which, incidentally, does not terminate until April 30, 1947.

It might be well to note here that the plaintiffs have heretofore instituted several actions which ripened into judgments against the defendant to recover arrears due for different periods prior to those covered in the instant suit. In fact one of these actions was commenced for the payments which became due covering the period from October 1, 1936, to September 30, 1937. After issue was joined plaintiffs made an application for summary judgment at Special Term and the motion was granted. This court unanimously affirmed that order and subsequently, after leave was granted to appeal to the Court of Appeals, the order of this court was affirmed unanimously. (*Irving Trust Co.* v. *Anahma Realty Corp.*, 256 App. Div. 812, 820; 281 N. Y. 798.) The parties to that litigation were the same as those in the present case, except

that a receiver, who was in possession of the premises at that time, was joined. Needless to say, the agreement there under consideration was the identical one which, at present, is under consideration.

Since the issues now raised concerning the installments due for the five-month period commencing October 1, 1937, to February 23, 1938, are the same, with the exception of the dates, as those covered in the prior litigation, there cannot be any question that plaintiffs are entitled to judgment for the installments which became due during the last-mentioned period. However, that simply would result in a partial judgment. We go further. We have mentioned the date of February 23, 1938. On that day the Canadian Pacific Building was sold " subject " to the light and air easement as provided by a judgment of foreclosure and sale. The question here presented is: Did the defendant, by virtue of the sale of the premises " subject " to the light and air easement, cease to be liable to the plaintiffs under the terms of the agreement? Our answer is that it did not. Paragraph " twelfth " of the agreement reads as follows: " *Twelfth.* In case of a *bona fide* sale, exchange or other disposition of Canadian Pacific Building by Anahma or by any succeeding owner and the assumption of this agreement by the *bona fide* purchaser or grantee of the said building, the liability of such *bona fide* purchaser or grantee shall be accepted in place and stead of the liability of Anahma thereafter accruing hereunder, or of a succeeding owner, as the case may be, and Anahma or a succeeding owner, as the case may be, shall automatically be relieved and released of any further liability hereunder from and after such sale and assumption by the *bona fide* purchaser or grantee."

The fact that the premises were sold " subject " to the light and air agreement did not relieve the defendant of its liability. While no one can question the fact that a mortgage foreclosure sale under ordinary circumstances would be a *bona fide* sale, still, a construction of the language used in paragraph " twelfth " would indicate that no such thought was in the minds of the contracting parties when the agreement was made. The sale " or other disposition " was not made by the defendant, Anahma Realty Corporation, nor was there an " assumption " by the purchaser at the foreclosure sale of the obligation to pay to plaintiffs the sum of $8,500 per annum to cover the money due under paragraph " second " of the agreement. (*Dingeldein* v. *Third Avenue R. R. Co.*, 37 N. Y. 575; *Schwartz* v. *Cahill*, 220 id. 174.)

Under the circumstances, we are of the opinion that the plaintiffs' motion to strike out the answer should be granted and judgment rendered in favor of the plaintiffs for the full amount.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

UNTERMYER and COHN, JJ., concur; MARTIN, P. J., and DORE, J., dissent.

DORE, J. (dissenting). With regard to the monthly installments due for the months from October 1, 1937, to February 23, 1938, when the Canadian Pacific Building was sold in foreclosure, we agree with the opinion of Mr. Justice GLENNON that the judgment in the prior action (*Irving Trust Co.* v. *Anahma Realty Corp.*, 281 N. Y. 798) is *res judicata*, and accordingly the order appealed from should be modified to the extent of granting judgment in plaintiffs' favor against the defendant for the monthly installments due for the months from October 1, 1937, to February 23, 1938.

We cannot agree to go further and render judgment in plaintiffs' favor for the full amount without a trial. That in effect is a determination subjecting defendant to a continuing liability until 1947, for the annual charges under the agreement when defendant has neither title to the building nor any of the benefits of the agreement, and when those having control of the corporate purchaser at the sale elected to continue the agreement and the purchaser in foreclosure will enjoy all the benefits thereof. This result should not be reached unless the court is so constrained after trial.

The agreement should not be construed by considering solely the one paragraph in which the covenant to pay is contained. (*Clark* v. *Devoe*, 124 N. Y. 120.) The restrictions imposed were expressly stated to be " for the benefit of the said Canadian Pacific Building and all successive owners thereof and shall be regarded as appurtenant to said building subject to the obligations hereby imposed and as a real covenant running with the land  *  *  *." The light and air agreement was between the parties and their " successors or assigns." In the foreclosure proceedings appellants were deliberately omitted as parties defendant, and the rights under the agreement were thereby retained for the benefit of the Canadian Pacific Building, the trustee, the holders of the bonds, and subsequent purchasers. The judgment of foreclosure and sale decreed that the premises were specifically sold " subject " to the recorded light and air agreement. The purchaser at the time of delivery of the referee's deed had full and actual knowledge of the existence of the recorded agreement and of its provisions, including the clauses that the restrictions were imposed for the benefit of the Canadian Pacific Building " and all successive owners thereof and shall be regarded as appurtenant to said building;" and that unpaid sums " shall be and become a charge against and

as such shall attach to the said Canadian Pacific Building premises and shall remain a charge thereon until the same be paid."

The construction of the entire contract should be left for the trial court after full disclosure of all facts and circumstances bearing on the intention of the parties. The purchaser on foreclosure having all the benefits of the agreement should be liable for the current payments, at least while in possession and enjoyment of such benefits. In substance if not in form there is privity of estate; such purchaser is a subsequent holder who took full notice of the covenant. ✳ (*Neponsit Property Owners' Assn.* v. *Emigrant Industrial Savings Bank*, 278 N. Y. 248, 257, 262.)

The issues herein as to the period subsequent to February 23, 1938, were not judicially determined in the prior action as they depend in part upon events occurring after the entry of judgment in the prior action.

Accordingly, we dissent and vote for a modification as hereinabove indicated.

MARTIN, P. J., concurs.

Order reversed, with twenty dollars costs and disbursements and motion granted.