## BELMONT v. COMAN.

By accepting a deed of land, with full covenants, reciting a consideration of $12,000, with an *habendum* clause, "subject to four mortgages [described], amounting to the sum of $8,500, which has been estimated as a part of the consideration money of this conveyance, and has been deducted therefrom," the grantee assumes no personal liability for the payment of the mortgages.

APPEAL from the Supreme Court.   Action for the foreclosure of four mortgages, executed by one Gratacap to Francis Griffin, and by him assigned to the plaintiff.   The complaint prayed that the defendant Coman might be adjudged to pay any deficiency arising upon the sale.   On the trial before a referee, these facts were found: Subsequent to the execution of the mortgages by him, Gratacap conveyed the premises described therein to Coman, by deed, with full covenants.   The consideration was stated to be $12,000, the receipt whereof was acknowledged.   The *habendum* clause was: "To have and to hold the above described premises unto, &c.; subject, nevertheless, to the sum of $4,250 of mortgage on each of said houses, as follows [describing them]; which said four mortgages, amounting in the aggregate to the sum of $8,500, has been estimated as part of the consideration money of this conveyance, and has been deducted therefrom."   The referee found, as matter of law, that the acceptance by Coman imposed upon him the obligation to assume and pay said mortgages; and he ordered judgment against him accordingly.   Upon appeal, the judgment against Coman was reversed at general term in the

Belmont *v.* Coman.

first district, and a new trial granted as to him. The plaintiff appealed to this court, stipulating that, in case of affirmance, judgment absolute should pass against him.

*Thomas H. Rodman*, for the appellant.

*John H. Reynolds*, for the respondent.

COMSTOCK, Ch. J. The consideration expressed in the introductory part of the deed is stated to be $12,000. In the *habendum* clause, the conveyance is declared, in substance, to be subject to the sum of $8,500, secured by certain prior mortgages given by the grantor; which sum, it is further declared, has been estimated as a part of the consideration money, and deducted therefrom. The grantor was personally liable upon his bonds for the amount of these mortgages, and his deed contained the usual full covenants. The question upon these facts is, whether the grantee became personally bound to pay the debts thus charged upon the land.

The authorities do not furnish any guide which is entirely satisfactory in the solution of this question. The cases all agree that the purchaser of a mere equity of redemption, without any words in the grant importing that he assumes the payment of the mortgage, does not bind himself personally to pay the debt. It is quite clear that, in such a case, there is no implied promise or covenant: by which is meant that the law does not raise an obligation where none is in terms expressed. On the other hand, it needs no authority to prove that if, in the conveyance, there are words importing that the grantee will pay the debt, he is deemed to have entered into an express undertaking to do so, although he does not sign or seal the instrument. The acceptance of a deed containing such language is evidence of the most satisfactory kind that he has promised to do what the deed says he is to do. And precise and formal words are unnecessary. As in all other cases of contract, the inquiry is, what was the intention of the parties? We are to seek for that intention in this case, keeping in mind

that there is no rule of law which imposes the liability in question unless the parties have declared it in words appropriate or sufficient to express that meaning.

I attach but little importance to the consideration clause of this deed. Twelve thousand dollars was the value of the premises agreed on. Whether it was all to be paid down, or part was to remain as a prior charge on the land, with or without personal obligation on the part of the purchaser to pay it, the more usual practice in conveyancing would be to state the whole sum as the consideration of the purchase. If this is not more usual, it is, at least, a practice so very frequent and so indiscriminate, that no inference favorable to the creation of a personal liability can be drawn from its adoption in the example now before us. The consideration clause is not untrue, according to any interpretation of the deed. We may call the purchase money $12,000, and yet, quite consistently with that, the parties may have perfectly understood and intended that only a portion of the sum was to be paid in money by the grantee, while the residue was to be paid out of the land, and only in that manner, unless the purchaser should voluntarily redeem his estate from the charge upon it.

Looking, then, at the *habendum* clause, I cannot satisfy myself that it has the meaning claimed for it by the appellant. The deed, as before observed, contains full covenants. These would compel the grantor himself to take care of the mortgages, unless they were qualified by other language declaratory of a contrary intention. To qualify those covenants, I think, was the primary purpose of the clause in question; and that purpose is sufficient to account for the language in which it is expressed. It states that the deed is subject to the mortgages, the sum of which has been estimated as a part of the purchase money and deducted therefrom. If the language had stopped with declaring the subjection of the land to the lien of the mortgages, it would have been the ordinary case of the purchase of a mere equity of redemption. According to all the cases, the land would have been the primary fund for the payment of the mortgages, yet without any other liability on the

part of the grantee. But the other words, it seems to me, import nothing additional or different. On the contrary, they appear to be used for greater caution. They declare that the amount of the mortgages has been deducted from the consideration which had been previously set forth. The apparent meaning of this is, that so much of the purchase money as the mortgages amount to, being deducted, is not to be paid, except as it is charged upon the premises. It is one of the matters of fact found at the trial, that the parties thus understood each other. This is no reason for a misinterpretation of the written language they used; but I am glad to believe that they did not disappoint their own intentions. The order appealed from must be affirmed, and judgment absolute rendered for the respondent.

All the judges concurring,

Judgment accordingly.