## SUPREME COURT.

### Peter Goelet agt. Terence Farley.

*Assumption of mortgage — Obligation cannot be created without a writing — ·Evidence.*

An obligation amounting to an assumption of a mortgage cannot be legally created without a writing.

A verbal agreement to pay a mortgage, made by a third party, is void by the statute of frauds.

The courts are careful in construing the language of written agreements to ascertain whether or not they amounted to an assumption of pay-ment, or only that the land was conveyed subject to the incumbrance, and oral evidence will be excluded when there is an agreement in writing which limits the rights and obligations of the parties.

*Special Term, February*, 1879.

*Elbridge T. Gerry*, for plaintiff.

*Kurzman & Yeaman*, for defendant.

*R. Guggenheimer*, defendant in person.

Van Vorst, *J.*— The assignment of the leasehold premises by the personal representatives of Hugh Crombie, deceased, to Henry Grossmayer, through whom the other defendants make title, contained no covenant by which he assumed to pay the mortgage, then a lien upon the premises. Nor was any writing produced creating such assumption.

Plaintiff, however, upon the trial sought to prove by oral evidence that the mortgage formed part of the consideration for the assignment of the lease to Grossmayer, and that he assumed the mortgage for the residue. I excluded the evidence for the reason, appearing to me satisfactory, that no such obligation could be legally created without a writing. The obligations contained in the assignment to Grossmayer cannot in this way, by an oral arrangement, be added to. This assign-ment fixes the rights and obligations of the parties. I con-

clude that such verbal agreement to pay a mortgage, made by a third party, is void by the statute of frauds. When I consider how careful the courts have been in construing the language of written agreements of this description to ascertain whether or not they amounted to an assumption of payment or only that the land was conveyed subject to the incumbrance, I conclude it to be entirely unsafe to relax the rule, which excludes oral evidence when there is an agreement in writing which limits the rights and obligations of the parties (*Belmont* agt. *Coman*, 22 *N. Y.*, 438 ; *Collins* agt. *Rowe*, 1 *Abb*. [*N. S.*], 97 ; *Farley* agt. *Farrell*, 51 *How. P. R.*, 497).

As Grossmayer was not legally bound to pay the mortgage, under the authority of *Vrooman* agt. *Turner* (69 *N. Y.*, 284), the subsequent grantees are not liable ; and although the plaintiff is entitled to judgment of foreclosure, with costs, there must be judgment for the defendants Alexander, Hagan and Guggenheimer, relieving them from liability to the plaintiff for any deficiency, with costs.

NOTE.— Vide *Munson* agt. *Dyett* (66 *How. P. R.*, 333); *Douglass* agt. *Cross* (*idem*), 330.