## LAWRENCE v. TOWLE.

Where land is conveyed in terms subject to a mortgage, the grantee assumes no personal liability for its payment by the mere acceptance of the deed.

A verdict directed by the court will be set aside if there was competent evidence upon which the jury might have found otherwise.

A party is not estopped by his conduct as against one who has not been thereby induced to alter his situation or conduct in any respect.

A verdict will not be set aside when it does not appear affirmatively that the jury disregarded instructions that evidence admissible for a single purpose only could be considered for no other purpose.

ASSUMPSIT, to recover $400 paid by the plaintiff at the request of the defendant. Plea, the general issue.

August 29, 1872, the plaintiff conveyed to the defendant, by deed of warranty, a house and lot of land, the consideration expressed being $6,500, and reciting that it was subject to a mortgage

to one Perkins to secure a note signed by the plaintiff for $5,000. On the delivery of the deed, the defendant paid the plaintiff $1,500, and he paid her back $100 and took her receipt for that sum, which recited that it was the amount of the accrued interest on the mortgage note. The plaintiff claimed that the defendant assumed the payment of the Perkins mortgage as a part of the consideration for the conveyance; and he testified that he paid the interest on the mortgage note as it became due, at the defendant's request, and that she had paid him soon after, he taking Perkins's receipts and turning them over to her, until 1877, when she refused to pay; and he brings this action for the amount he has paid since.

The defendant denied that she assumed the payment of the Perkins mortgage, and claimed that the agreement was that she should give the plaintiff a mortgage for $5,000, and that he would let it lie as long as she might desire; that she paid the interest on $5,000 at the plaintiff's request, as that was the amount of the consideration remaining unpaid; that she paid it until a controversy arose between her and the plaintiff about the boundary line, when she refused to pay any more until the line should be adjusted according to the agreement as she understood it.

The date was in dispute when the defendant forbade the plaintiff to pay any more interest to Perkins on her account; and the defendant was permitted to testify, subject to exception, that she forbade the payment when she learned that the boundary line was not where the plaintiff had represented it to be. This evidence was strictly limited to the question of fixing the defendant's refusal to pay, as she recollected it; and the jury were instructed that it was not to be considered on the question whether the defendant assumed to pay the Perkins mortgage, nor as a defence to the action.

The plaintiff moved that a verdict be ordered for him, which was denied, and he excepted. Verdict for the defendant, and motion by the plaintiff for a new trial.

*A. R. Hatch* (with whom was *John Hatch*), for the plaintiff.

I. The admitted facts show conclusively that the defendant assumed to pay the Perkins mortgage. She became bound in law to pay it, and her testimony is no more than a denial of the legal conclusion to which the admitted facts lead. She is estopped by her conduct to deny that she assumed the mortgage; and if the understanding of the parties was originally as claimed by her, yet her own testimony shows a conclusive abandonment of it, and she is not at liberty to repudiate an undertaking so long acted upon by her.

II. The dispute about the boundary line furnished no excuse for the repudiation of the defendant's contract. The evidence respecting it tended to prejudice the plaintiff, while it had no legitimate

tendency to fix the time of the defendant's refusal, under pretence of which it was admitted.

*Marston & Eastman* and *Towle*, for the defendant.

SMITH, J. The recital in the deed, that the premises were subject to a mortgage to Perkins for $5,000, without words importing that the defendant assumed payment of the debt, did not bind her personally to pay the debt. No obligation to pay was in terms expressed, and the law will not imply or raise a promise or covenant. The insertion of such a clause qualifies the covenants of warranty on the part of the grantor, and is notice merely to the grantee that he is buying only the equity of redemption. *Trotter* v. *Hughes*, 12 N. Y. 74; *Belmont* v. *Coman*, 22 N. Y. 438; *Binsse* v. *Paige*, 1 Keyes (N. Y.) 87; *Stevenson* v. *Black*, Saxton (N. J.) 338; *Klapworth* v. *Dressler*, 2 Beas. Ch. (N. J.) 62; *Post* v. *Bank*, 28 Conn. 420; *Johnson* v. *Monell*, 13 Iowa 300; *Kearney* v. *Tanner*, 17 Serg. & R. 94; *Fiske* v. *Tolman*, 124 Mass. 254; *Woodbury* v. *Swan*, 58 N. H. 380; 1 Jones Mort., ss. 735–9. The law has been held otherwise in England. *Waring* v. *Ward*, 7 Ves. 333. When a deed contains words that the grantee is to pay the debt, his acceptance of the deed is evidence that he has promised to do what the deed says he is to do. *Belmont* v. *Coman*, *supra*.

The whole value of the premises, and not merely of the equity of redemption, being expressed in the deed as its consideration, and the conveyance being declared to be subject to the Perkins mortgage, the interpretation of the language of the deed thus used is, that so much of the purchase-money as the mortgage amounts to, being deducted, is not to be paid except as it is charged upon the premises. *Belmont* v. *Coman*, 22 N. Y. 438, 441. There being, then, no contract in the deed that the defendant was to pay the incumbrance, the question for the jury was, whether the plaintiff paid the interest on the Perkins mortgage at the defendant's request, subsequently to 1876: and this question involved the further question, whether the balance of the purchase-money was to be paid by the defendant's giving her note for $5,000, secured by a mortgage upon the premises, or by assuming the payment of the debt to Perkins. The evidence as reported preponderated largely in favor of the plaintiff; but the jury have found in favor of the defendant. A verdict will not be set aside as being against the weight of evidence, unless the preponderance was so great as to make it apparent that the jury were misled, or failed to consider intelligently the evidence laid before them—*Clark* v. *Society*, 45 N. H. 331, 334, and authorities cited; *Jewell* v. *Railway*, 55 N. H. 84, 95;—and that is a question for the judge who tried the case to determine.

The doctrine of estoppel does not apply. Whether the contract was as claimed by the plaintiff, or by the defendant, the payment by the latter of interest to 1877 was in part execution of the con-

tract, and it does not appear that her refusal to pay after that date in any way caused the plaintiff to change his position, or prevented him from taking steps to enforce compliance by the defendant with the contract as she claimed it to be.

The evidence excepted to was received for a single purpose, and was accompanied with proper instructions. We cannot presume that the instructions were disregarded.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.