JAMES R. SMITH, Appellant, *v.* ANNIE F. TRUSLOW et al., Executors, etc., Respondents.

*It seems* that the mere fact that the purchaser of lands took subject to a mortgage does not render him liable, either legally or equitably, to indemnify his grantor against the mortgage.

*It seems, however*, the rule would be otherwise if the mortgage debt formed part of the consideration of the purchase and was to be paid by the purchaser, if he retained its amount.

(Argued March 2, 1881 ; decided March 15, 1881.)

THE plaintiff here was defendant in *Campbell* v. *Smith* (71 N. Y. 26), and brought this action to recover from the estate of defendant's testator the amount paid by him in consequence of the liability imposed by the judgment in that case. His complaint shows that the premises therein referred to were conveyed to the testator subject to the same mortgage, and by deed containing a covenant by which the grantee assumed and agreed to pay the mortgage similar to that upon which his own liability depended; that the testator had notice of the action above referred to, and was required to defend the same at the risk of paying damages and costs if any should thereby be recovered. The defendant by answer denied any obligation to the plaintiff, averred that the covenant on which it appeared to stand was inserted in the deed fraudulently, and asked that it be stricken out and canceled. The truth of the issue made on those allegations was the only one presented upon the pleadings or tried by the court. The finding in favor of the defendant declared that the words and clauses on which the plaintiff relied were unauthorized and their insertion in the deed fraudulent. Judgment was given that they be erased and the deed in that respect reformed.

The court here say: "This conclusion" (i. e. of the trial court) "has been approved by the General Term, and, so far as it involves a consideration of the facts, is conclusive upon us. The case made is not one of mutual mistake. It is one of fraud practiced by the plaintiff's agent upon the defendant's testator, and as the plaintiff is bound by the agent's acts, the case upon this point is brought directly within the decision of this court in *Kilmer* v. *Smith* (77 N. Y. 226). Other questions are now presented by the learned counsel for the appellant, of which it might be enough to say they are not within the pleadings and, so far as we can see, were not raised in the court below; but they also seem to be without merit.

"First: The appellant claims that if the defendant is under no express covenant to pay the incumbrances or indemnify his grantor against their payment, yet the plaintiff may recover the deficiency paid by him as if the defendant was bound 'to indemnify his grantor against incumbrances.' It is difficult to see how a court of equity could raise such an obligation upon

the conscience of a purchaser whose undertaking is defined by a written contract in terms which exclude the existence of such an obligation, and in whose favor it has been adjudged that an obligation to pay those incumbrances did not exist. To enforce this doctrine would require the defendant to do indirectly what he was under no agreement or duty to do directly. No doubt such a covenant of indemnity is very different from an assumption, by a purchaser, of a sum due upon mortgage and to be paid by him out of the consideration of the sale, but we find nothing in the transaction between these parties from which it can be implied. It is true, as the appellant claims, that the property to be sold by the plaintiff to the testator is described in the contract as 'subject to mortgages amounting to $ 00,' and the plaintiff agreed to sell the same 'for the sum of $42,-000.' But there come these words, 'which' (that is, the $42,-000) 'the said party of the second part hereby agrees to pay by conveying to the party of the first part certain other real estate,' also described as 'subject to mortgages amounting to $13,500.' The defendant performed on his part and paid all he undertook to pay. No part of the purchase-money was left in his hands, nor was any money to be paid by him. The whole was to be paid and was paid in land. The defendant took the land *cum onere*, or, as the contract states, 'subject' to the mortgage, but was himself burdened with no obligation to discharge it. (*Hamill* v. *Gillespie*, 48 N. Y. 556; *Belmont* v. *Coman*, 22 id. 438.) It would be otherwise and the contention of the appellant should prevail if, as he assumes, the mortgage debt formed part of the consideration of the purchase and was to be paid by the purchasers, or if he retained its amount. Nothing more than this is established by *Dorr* v. *Peters* (3 Edw. Ch. 132), cited by the appellant.

" Second : It is also urged that the plaintiff should at least have judgment for the interest accruing after May 1, 1872, upon the mortgage. But the same remarks apply here. The purchaser undertook or assumed no payment, and the declaration, that he was 'to assume interest from May 1, 1872, on the aforesaid lots,' was only a limitation upon the vendor's agreement to covenant against incumbrances, and the land became subject to it. (*Belmont* v. *Coman, Hamill* v. *Gillespie, supra.*)

There is no finding which permits a different inference, nor was the trial court asked to find in relation to it."

*Samuel Hand* for appellant.

*Theodore F. Jackson* for respondents.

DANFORTH, J., reads for affirmance.
All concur, except RAPALLO, J., absent.

Judgment affirmed.