JOHN WILLIAM GUENTZER, Respondent, *v.* WILLIAM A. JUCH, Appellant.

*Agreement by the owner of a lot to pay one-half the cost of a party-wall erected by the owner of an adjoining lot — it may be enforced against his grantee who has purchased, subject to the agreement, and has used the wall.*

An agreement, under seal, was made between the plaintiff and one W. H. Richards, by which it was agreed that a party-wall should be built upon the division line between lands owned by these parties on the westerly side of Eleventh avenue in the city of New York, the wall to be erected equally on the property of each party. It was further agreed, as the plaintiff was about to erect the wall, that whenever Richards, his heirs or assigns, should make use of it by the erection of a building upon the lot, that there should be paid to the plaintiff, his heirs or assigns one-half the cost of its erection, and that this cost should be fixed by arbitration; that the cost of repairing or rebuilding the wall should be borne equally by the owners of the respective lots, and that the agreement should be perpetual and at all times be construed "into a covenant running with the land and that no part of the fee of the soil herein described, and upon which the said party-wall is enclosed, shall be transferred or conveyed in or by these presents."

Richards thereafter conveyed his adjoining lot to one Cohen by a deed making the conveyance subject to the party-wall agreement, stating its date and that it was recorded in the register's office. Cohen and wife thereafter conveyed the same property by a deed, declaring it to be conveyed subject "to the said party-wall agreement, hereinbefore referred to," to the defendant, who, after entering into possession of the premises, erected a building upon them making use of the wall which had been erected by the plaintiff.

Upon an appeal from a judgment which decreed that an amount, fixed by an appraiser as the value of one-half of the wall, be a lien upon the premises owned by the defendant and that they should be sold to pay this amount:

*Held,* that the agreement imposed a personal obligation upon Richards to pay to the plaintiff one-half of the value of the erection of the wall, and the conveyance of the property, subject to such agreement, created a charge upon it for the satisfaction of this obligation.

That, as between Richards and the owner of this lot, the property was made the primary source of payment for the benefit of the plaintiff, and the latter was,

by reason of the right of Richards to enforce this charge upon the land, entitled to bring this action in equity for the enforcement of the charge in this manner created, and the satisfaction and payment of the amount due to him as the expense of building one-half the wall.

*Jumel* v. *Jumel* (7 Paige, 591); *Cox* v. *Wheeler* (Id. 248); *Belmont* v. *Coman* (22 N. Y., 438); *Dingeldein* v. *Third Avenue Railroad* (37 id., 575); *Hamill* v. *Gillespie* (48 id., 556) followed; *Cole* v. *Hughes* (54 id., 444); *Scott* v. *McMillan* (76 id., 141) distinguished.

That the defendant was personally liable for any deficiency which might arise on the sale of the land.

*Bedell* v. *Kennedy* (38 Hun, 510) followed.

APPEAL from a judgment, in favor of the plaintiff, of the New York Special Term entered in the office of the clerk of the city and county of New York on the 22d day of May, 1888, and from an order made by a justice of the Supreme Court, entered on the 9th day of February, 1888, in the office of the said clerk, overruling the defendant's demurrer, and from an order resettling the above order made by the same justice on the seventeenth day of May and filed in the said clerk's office.

*Edward Kaufman*, for the appellant.

*Joseph Fettretch*, for the respondent.

DANIELS, J.:

The complaint to which the demurrer was interposed set forth as the plaintiff's cause of action the making of an agreement under seal between himself and William H. Richards, by which it was agreed that a division or party-wall should be built upon the line of land owned by these parties, on the westerly side of Eleventh avenue, in the city of New York, the wall to be erected equally upon the property of each of these persons. It was further agreed, as the plaintiff was about to erect the wall, that when Richards, his heirs or assigns, should make use of it, by the erection of a building upon his lot, there should be paid to the plaintiff, his heirs or assigns, one-half the cost of erecting the party or division-wall, and that this cost should be fixed or ascertained by two persons, one to be chosen by each party, or by a third party chosen by these two if they should be unable to agree. It was further agreed by the parties for themselves, their respective heirs and assigns, that the cost of repairing or rebuilding the wall should be borne equally by

the owners of the respective lots, and that the agreement should be perpetual, "and at all times be construed into a covenant running with the land, and that no part of the fee of the soil herein described and upon which said party wall is inclosed, shall be transferred or conveyed in or by these presents."

The plaintiff built the wall as he was authorized to do by the agreement, and Richards conveyed his adjoining lot to Newman Cohen. By the deed making the conveyance it was declared that it was "subject also to a party-wall agreement made by John W. Guentzer with the party hereto of the first part, dated May 9, 1884, and recorded in said register's office May 14, 1884, in Liber 1793 of Conveyances, 253." Cohen and his wife afterwards conveyed the same property to the defendant, declaring it to be conveyed "subject to the said party-wall agreement hereinbefore referred to." He entered into the possession of the premises and erected a building upon them, making use of the wall as he was entitled to do by the agreement. And the plaintiff thereupon served him with a notice in writing, requiring him to appoint a person to act with another selected by the plaintiff, to fix and determine the cost of the wall and the amount to be paid by the defendant for its use and appropriation to his building. The defendant failed to make the selection of a person to act in this manner, and the amount was appraised by the individual selected by the plaintiff, fixing the value of one-half of the wall at the sum of $901.15. This sum the defendant refused to pay, and the plaintiff by his complaint demanded judgment that it might be decreed to be a lien upon the premises owned by the defendant, and that they should be sold to pay this amount, with interest and costs, and that the plaintiff should have such other or further relief as might be just.

The demurrer was served to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action. But as the complaint was considered at the trial to be sufficient, this demurrer was overruled. And a judgment was finally recovered adjudging this amount of money, with interest, to be a charge upon the defendant's lot of land, and directing a sale of it, and out of the proceeds the payment to the plaintiff of the amount adjudged to be due and owing to him as the value of one-half the wall, and for the recovery of any deficiency against the defendant personally. It is

entirely clear from the complaint that the agreement imposed a personal obligation upon Richards to pay to the plaintiff one-half the expense or value of the erection of this wall. And he, for his protection, when he conveyed his lot to Cohen, charged it with the duty and obligation of liquidating and discharging this indebtedness. The obligation in this manner created could only be discharged to the plaintiff, and it is to be inferred from the acts of the parties that it was intended by them that it should be so performed by the grantee of the property. And the same intention actuated Cohen in making his conveyance to the defendant. It was to continue the imposition of the burden of this obligation upon the property, not only for the relief of Richards, but for the benefit and advantage of the plaintiff. And when real estate is in this manner conveyed the effect of the conveyance is to create a charge upon it for the satisfaction of the obligation provided for. (*Jumel* v. *Jumel*, 7 Paige, 591.)

And the property so charged becomes the primary fund or source of payment. And as between its grantor and grantee the former afterwards stands as a surety only for the payment of the indebtedness. This was held to be the law governing courts of equity in that case, and the case of *Cox* v. *Wheeler* (Id. 248), supports the same principle. And it has since been sanctioned by the cases of *Belmont* v. *Coman* (22 N. Y., 438); *Dingeldein* v. *Third Avenue Railroad Company* (37 id., 575) and *Hamill* v. *Gillespie* (48 id., 556). And this obligation distinguishes this case from these of *Cole* v. *Hughes* (54 N. Y., 444) and *Scott* v. *McMillan* (76 id., 141). And as it placed Richards in the attitude of a surety for the extinguishment of the indebtedness, and, as between himself and the owner of his lot, that was made the primary source of payment for the benefit of the plaintiff, he was entitled, in equity, to bring this action for the enforcement of the charge in this manner created, and the satisfaction and payment of the amount due to him as the expense of building one-half the wall. (*Pratt* v. *Adams*, 7 Paige, 615.) Where the principle was stated to be that "it has been settled by a long course of judicial decisions that, where a person, standing in the situation of indorser or surety, is furnished or provided by the principal debtor with a fund, or with collateral security for such a purpose, the creditor is, in equity, entitled to have it applied in satisfaction

of the debt." (Id., 627.) And by the conveyances which were made of the property the plaintiff seems to be so far within this principle as to entitle him to enforce the charge created in this manner against the land for the satisfaction of his demand. And the regular mode of satisfying the demand out of the land was to direct a sale of it, as the judgment has done in this instance, and the payment of the proceeds, so far as they may be necessary for that object, over to the plaintiff.

The case of *Bedell* v. *Kennedy* (38 Hun, 510) has gone even further than this, holding that a personal liability exists against the grantee of property acquiring title in this manner for the performance of a party-wall agreement. It is not necessary to consider whether that case is in harmony with the other authorities or not. It is a determination of this General Term, and sanctioned so much of the judgment as has provided for the recovery of any deficiency, after the sale of the land, from the defendant. And as long as this authority remains, as it still is, in legal force, it is required to be followed, and it supplies a sufficient support for the portion of the judgment sustaining this agreement as a personal obligation against the defendant.

To dispose of the case it is unnecessary to refer to any other of the authorities cited, for the judgment appears to be right, and it should be affirmed, with costs.

Van Brunt, P. J., and Bartlett, J., concurred.

Judgment affirmed, with costs.