MOTT *et al.* *v.* OPPENHEIMER *et al.*

*(Supreme Court, General Term, First Department.* June 26, 1891.)

PARTY-WALLS—LIABILITY OF GRANTEE.

In an action to recover the expense of building one-half of a party-wall, it appeared that certain of defendants' predecessors in title had conveyed the lot subject to a party-wall agreement, but that the first grantor, and also defendants' immediate grantor, had conveyed the lot without referring to the agreement. *Held,* that such facts were immaterial with respect to defendants' liability; they having taken the property under immediate conveyances subjecting the lot to the party-wall agreement.

Appeal from special term, New York county.

Action by Henry A. Mott and another against Jacob and Bertha Oppenheimer. From a judgment for plaintiffs, defendants appeal.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Albert J. Sire,* for appellants. *John A. Post, (Clifford A. Hand,* of counsel,) for respondents.

VAN BRUNT, P. J. The following facts appeared upon the trial: In the year 1876 one John M. Pinckney owned two lots on the south side of Fifty-Ninth street, and Oliver M. Arkenburgh owned the adjacent lots on either side; both titles being derived from a common source. While the lots were so owned by Pinckney and Arkenburgh, in the year 1876, a party-wall agreement was executed between the owners, by which it was provided that either party might erect a party-wall, the center line thereof coinciding with the boundary; such wall to be of a specified character and dimensions, and subject to extension. The agreement also provided that the other party, his heirs or assigns, should have the right to use said wall or walls or extension by paying therefor, at the time the same should be used, one-half of the then value of the parts or portions of said wall or extension so used to the party erecting said wall or extension, his heirs or assigns. And it was further provided that the same should forever remain as a party-wall; and that "this agreement, and the covenants therein contained, shall apply to and bind the legal representatives of the several parties thereto, and shall be construed as covenants running with the land." This agreement, executed by Arkenburgh, was recorded in the register's office in June, 1877, and is in the possession of the plaintiffs, the successors in title of Pinckney. Pinckney conveyed his lots in March, 1877, to one Mary Bradley, who built upon them a large apartment house, the easterly wall of which was built in correspondence to the require-

ments of the party-wall agreement, and in March, 1878, she conveyed the said lots thus improved to the plaintiffs, who also hold separate assignments of the party-wall agreement. In December, 1877, after the record of the party-wall agreement, Oliver M. Arkenburgh conveyed the lots owned by him to Robert H. Arkenburgh, who in December, 1879, conveyed, subject to said party-wall agreement, to one Jenks, who in November, 1880, conveyed, subject to the party-wall agreement, to one Jennings, who in September, 1882, conveyed, subject to said agreement, to one Munro, who in February, 1887, conveyed, subject to said agreement, to Charles A. Stein. During all this time the premises were unimproved. After the acquisition by Stein of the Arkenburgh lots subject to the party-wall agreement, there was constructed upon them an apartment house, for which the easterly wall of the plaintiffs' house was used as a party-wall. This construction was commenced in the spring of 1887, and continued through that year and the next. The beams were inserted in the party-wall and the roof put on about the end of 1887 or in January, 1888. Notice was given by the plaintiff to those in possession of the lot adjoining, and in charge of the building thereon, of the claims arising under the party-wall agreement. While this building was being erected, Stein conveyed to one Oppenheimer, who on the same day conveyed back to Stein. Stein again conveyed to Oppenheimer, and Oppenheimer again conveyed to Stein on the same day; and finally, in May, 1888, Stein again conveyed to Oppenheimer. Neither of the deeds between these two parties mentioned the party-wall agreement. Proof was offered of the value of one-half the party-wall used, and upon the foregoing facts the court gave judgment impressing a lien upon the lot of Oppenheimer, the defendant, for the amount claimed to be due under the party-wall agreement.

In view of the decision of this court in the case of *Guentzer* v. *Juch*, 4 N. Y. Supp. 39, it does not seem necessary to enter upon any extended discussion of the rights of the parties. There seems to be no material difference between the facts of the two cases, except, perhaps, the fact that Oliver M. Arkenburgh, in his conveyance to Robert H. Arkenburgh, made no mention of the agreement. But it seems to us to be entirely immaterial whether he did or did not. It was, by the very terms of the party-wall agreement, shown to be the intention of the parties to it that the charge for using the party-wall should be a lien upon the adjoining premises. This is shown by the fact that the parties expressly provided that the covenants in respect to the party-wall should be construed as covenants running with the land; they evidently knowing that without some such clause the agreement was nothing but a personal obligation. The use of this language showed a clear intention upon the part of these parties that the covenant to pay should be a lien upon the lot of the party using the party-wall after it had been built by the other party. All the conveyances, except the first, down to Stein's, were made subject to this party-wall agreement; the interpretation above stated being put on the agreement by these various conveyances. And it is entirely immaterial as to what the relations between Oliver M. Arkenburgh and Robert H. Arkenburgh might have been because of the failure to state anything about the party-wall agreement in the conveyance, as the subsequent owners had conveyed, and made this party-wall agreement a lien upon the property conveyed, precisely the same as in the case of *Guentzer* v. *Juch*. Whatever may have been the motive of the various conveyances between Stein and Oppenheimer, it is entirely immaterial to inquire. Where the owner of this property had made this party-wall agreement a lien thereon, by selling subject to it, as in *Guentzer* v. *Juch*, certainly every subsequent grantee takes subject to that charge. We are of opinion, therefore, that the judgment should be affirmed, with costs.

All concur.