## BURBANK, APPELLANT, v. ROOTS, APPELLEE.

1. CONVEYANCE SUBJECT TO INCUMBRANCE.

The recital in a deed that the property conveyed is subject to a mortgage which forms part of the consideration, creates no personal liability on the part of the grantee.

2. ASSUMPTION OF INCUMBRANCE.

When the recital or exception in a deed is "which mortgage the grantee assumes, or assumes and agrees to pay," or the conveyance is made "subject to the payment of an outstanding mortgage," the assumption of the mortgage makes the sum secured a part of the purchase money and creates a personal obligation that may be enforced by the vendor upon default of the vendee to pay in accordance with the contract made by his grantor.

3. SAME.

The acceptance of a deed imposing on the grantee the obligation of discharging a mortgage is sufficient, and it is not necessary that he should sign the deed or any obligation whatever. In such cases the promise implied by law is to pay the mortgage debt when due, or, if due, to pay it forthwith or within a reasonable time. As between him and his grantor, he becomes the principal debtor and the vendor the surety.

*Appeal from the District Court of Arapahoe County.*

N. Q. TANQUARY, for appellant.

No appearance for appellee.

REED, J., delivered the opinion of the court.

On April 20, 1891, appellant borrowed money from Tanquary & Gibson, making thirty-one promissory notes payable on the first day of each succeeding month after July 1st, each for the sum of $15.00, except the last, which was for $21.00, all bearing interest at eight per cent per annum. These notes were secured by a deed of trust upon real estate. The deed provided that in case of default of payment of any of the notes or the interest the whole might be declared due and payable and the property sold.

On the 8th day of July following, appellant sold to appellee the realty covered by the trust deed and conveyed it by warranty deed, the covenants of warranty containing the following exception : " Free and clear * * * of all incumbrances * * * except $1,070, on lot 2 and $300 on lots 15, 16, 17 and 18, *which party of the second part assumes and agrees to pay.*"

Default having been made in the payments, the holders of the promissory notes declared them all due, and proceeded by attachment to collect the money from appellant.

It is not claimed that appellant paid the notes, but gave other security to release the attachment, and commenced this suit to collect the money from appellee. A trial was had in the district court resulting in a judgment for the defendant (appellee) for costs. This appeal was prosecuted from such judgment. Appellee is not represented in this court.

The law of the case appears to be well settled. A recital in a deed that the property conveyed is subject to a mortgage which forms a part of the consideration, and stops there, creates no personal liability on the part of the grantee, and the grantor and mortgagee can only look to the property. 1 Jones on Mort. § 748 ; *Weed Sewing Machine Co. v. Emerson*, 115 Mass.

554; *Woodbury v. Swan*, 58 N. H. 380; *Dunn v. Rogers*, 43 Ill. 260.

But when the recital or exception is " which mortgage the grantee *assumes*, or *assumes and agrees to pay*," or the conveyance is made " subject to the payment of an outstanding mortgage," the case is different. The assumption of the mortgage makes such sum a part of the purchase money; so much of the consideration as is necessary to pay the mortgage is taken from the consideration and appropriated to the payment of the mortgage. It was not the taking of the property subject to the mortgage but an agreement to pay the debt as contracted by the grantor. As said in *Heid v. Vreeland*, 30 N. J. Eq. 591, " His retention of the vendor's money for the payment of the mortgage *imposes upon him the duty of protecting the vendor against the mortgage debt*." It becomes a personal obligation that may be enforced by the vendor upon default of the vendee to pay in accordance with the contract made by his grantor. 1 Jones on Mort. § 749; *Stebbins v. Hall*, 29 Barb. (N. Y.) 524; *Carley v. Fox*, 38 Mich. 387; *Sparkman v. Grove*, 44 N. J. Law, 253; *Locke v. Homer*, 131 Mass. 93.

The acceptance of a deed imposing upon the grantee the obligation of discharging the mortgage is sufficient. It is not necessary that he should sign the deed or any obligation whatever. *Spaulding v. Hallenback*, 35 N. Y. 204; *Belmont v. Coman*, 22 N. Y. 438; *Taylor v. Whittemore*, 35 Mich. 57; *Unger v. Smith*, 44 Mich. 22; *Bishop v. Douglass*, 25 Wis. 696; *Dickason v. Williams*, 129 Mass. 182; *Urquhart v. Brayton*, 12 R. I. 169; *State v. Davis*, 96 Ind. 539; and see *Atlantic Dock Co. v. Leavitt*, 54 N. Y. 35, and 13 Am. Rep. 556, and cases cited.

In such cases the promise implied by law is to pay the mortgage debt when due; if due, to pay it forthwith or within a reasonable time. *Braman v. Dowse*, 12 Cush. 227; *Smith v. Truslow*, 84 N. Y. 660.

The court below apparently and very naturally fell into the error that, appellant not having paid the debt, no cause

of action accrued; but the courts in these cases distinguish between the agreement to *pay* and one to *indemnify*. The distinction is based upon the fact that the debt was a part of the consideration for the property, and had been paid by the vendor. In the language of *Crowell v. Hospital of St. Barnabas*, 27 N. J. Eq. 650, "As between him and his grantor, he becomes the principal debtor, and the vendor a surety." See *Sparkman v. Grove*, (*supra*); *Braman v. Dowse*, (*supra*); *Lethbridge v. Mytton*, 2 Barn. & Ad. 772; *Furnas v. Durgin*, 119 Mass. 500.

In 1 *Saund.* 116 and note it is said, "That where the condition of an obligation was merely to indemnify and save harmless, the defendant might plead *non damnificatus*, but where the condition was to discharge and acquit the plaintiff from such and such a bond or other particular thing the plea must aver performance, and a plea of *non damnificatus* was bad."

Under the authorities it was only necessary in order to recover:

1st. To show the identity of the demand sued upon with the exception in the deed.

2d. That the money was due.

3d. That the vendee had made default in the payment.

All of which facts appear to have been fully established upon the trial.

It follows that the judgment of the district court must be reversed and cause remanded.

*Reversed.*