EMILY L. HARRIS, Respondent, *v.* ARCHIBALD M. GRAHAM, Appellant.

*Cloud on title — void judgment — remedy of a third person where a deficiency judgment is entered, when by an agreed purchase the mortgagee had been paid in full — parties.*

Upon the trial of an action brought by Emily L. Harris to remove a cloud from the plaintiff's title to certain real property the following facts were proved:

The defendant, Archibald M. Graham, in January, 1888, recovered a judgment of foreclosure against one Hiram W. Bradshaw and others which covered the premises in question, and just before the sale in foreclosure Graham, Brad-

shaw and one Jacob Barclay made an agreement to the effect that the property should be struck off to Graham at the referee's sale for a nominal price; that Graham should thereupon convey the premises to Barclay, who was to pay therefor $2,800, and that Bradshaw should have the benefit of whatever remained over and above Graham's judgment. The judgment was for $2,374.76; the premises were sold in March, 1888, to Graham by the referee for $1,400; and in June, 1888, a deficiency judgment was entered against Bradshaw for $903.23. It further appeared that on or before April 9, 1888, Barclay paid Graham in full and received from him a quit-claim deed of the premises.

Bradshaw subsequently died intestate, and his administrators, in January, 1892, sold certain of his real estate (not the property covered by the mortgage foreclosure) for the payment of his debts. At the sale the plaintiff bought the premises in question for $310, subject to the apparent lien of the deficiency judgment. The premises were sold subject to all incumbrances, but the deed of the administrators to the plaintiff did not bind the plaintiff to pay them. The plaintiff went into possession, demanded a cancellation of the deficiency judgment and, this being refused, brought the present action.

*Held,* that the deficiency judgment should not have been entered, Graham having been paid in full by Barclay;

That as the judgment was a nullity, both at law and in equity, the plaintiff had a right to have it removed as a cloud upon her title;

That if the surplus in Graham's hands (being the difference between Barclay's purchase at $2,800 and the amount due upon the mortgage, $2,374.76), in equity, belonged to the estate of Bradshaw, the failure of the plaintiff to make those interested in that estate parties, was not a defect which prevented her from maintaining the present action.

APPEAL by the defendant, Archibald M. Graham, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Wayne on the 12th day of March, 1894, upon the decision of the court rendered after a trial at the Wayne Equity Term, which judgment ordered, adjudged and decreed that the judgment of foreclosure and sale in the action in the Wayne County Court by the defendant, against Hiram W. Bradshaw and others, dated January 8, 1888, and entered in the office of the clerk of Wayne county on the 10th day of January, 1888, decreeing there to be due the defendant, from said Hiram W. Bradshaw, the sum of $2,265, interest and principal, and the sum of $109.76, costs and disbursements, and all interest on same, and all costs and expenses of the referee's sale thereunder, on March 31, 1888, were fully paid and liquidated before the filing of the referee's report of sale and the entering of the order of confirmation of same and the entering in said Wayne county clerk's office in said action,

the judgment of deficiency against said Hiram W. Bradshaw and in favor of the defendant for $914.76, on the 27th day of June, 1888; that the said judgment of deficiency of $914.76, entered in said Wayne county clerk's office on the 27th day of June, 1888, in said foreclosure action, in the Wayne County Court, against said Hiram W. Bradshaw and in favor of said defendant, was entered without authority, and was and is illegal and void; that said judgment of deficiency is a cloud upon plaintiff's title to the premises here in question, and that the plaintiff is entitled to have the said judgment of deficiency canceled of record, as a cloud upon her title, and upon the production of the judgment, to be entered in this action to the defendant, he shall execute and deliver a proper satisfaction of said judgment of deficiency to the plaintiff, and that the plaintiff recover of defendant ninety-three dollars and three cents, her costs and disbursements of this action, as taxed by the clerk of Wayne county, and that execution issue.

*Charles T. Saxton*, for the appellant.

*E. W. Hamm*, for the respondent.

WARD, J.:

On the 8th of January, 1888, the defendant recovered a judgment of foreclosure and sale against Hiram W. Bradshaw and Mary, his wife, and another, in the Wayne County Court. The judgment was $2,374.76, and it was adjudged that Hiram W. Bradshaw should pay any deficiency that might arise upon the sale. The mortgaged premises were duly sold by a referee in March, 1888, and were purchased by defendant at the sale for $1,400. The referee certified a deficiency of $903.23 on the 2d day of April, 1888, and on June twenty-seventh judgment was entered in the Wayne county clerk's office — the referee's report having been confirmed — for such deficiency and interest. On February 20, 1890, Hiram W. Bradshaw died intestate, and his wife and William W. Gatchell were appointed his administrators. In March, 1891, the administrators commenced a proceeding to sell the real estate of the intestate for the payment of his debts. A decree for the sale of the premises was made by the surrogate of Wayne county (he having jurisdiction), and in pursuance thereof certain real property of Hiram W. Bradshaw, on the 23d

day of January, 1892, was sold at public auction, and bid off by Albert Harris, the husband of the plaintiff, but for her, for $310. These premises were subject to the apparent lien of the deficiency judgment. A deed was afterwards executed by the administrators conveying the premises sold to the plaintiff. At the time of the sale the terms thereof were in writing, signed by one of the administrators, and presented to the bidders before the sale, and those terms provided that the premises would be sold subject to all taxes, assessments and other incumbrances which at the time of the sale were liens or incumbrances upon the said premises. A similar statement was contained in the deed to the plaintiff, but there was no covenant in the deed binding the plaintiff to pay such incumbrances or taxes. Albert Harris, the plaintiff's husband, upon the purchase, signed a writing agreeing to comply with the terms and conditions of the sale.

The plaintiff claimed that at the time of the foreclosure sale an arrangement was made between Bradshaw, the defendant and one Jacob Barclay, who had come to bid on the premises, that the defendant should bid them off and deed them to Barclay for $2,800, and whatever there was over and above defendant's claim under the foreclosure judgment and costs, Bradshaw should have the benefit of. After the sale, and before the confirmation of the referee's report and the entry of the judgment for deficiency, Barclay paid the defendant $2,800, $1,000 down and the balance on the 9th of April, 1888, and received a quit-claim deed of the premises covered by the foreclosure judgment, from the defendant on that day. The plaintiff, after her purchase under the administrators' sale, went into possession of the premises covered by her deed, and demanded of the defendant the cancellation of the deficiency judgment, and that it be removed as a cloud upon her title, which was refused, whereupon this action was commenced, and the court upon the trial found in favor of the plaintiff, and directed judgment that the deficiency judgment be canceled of record as a cloud upon the plaintiff's title, and that defendant execute and deliver a proper satisfaction of such judgment. The court found the facts substantially as above stated, and also found that the said deficiency judgment was paid in full before it was entered.

The eighth finding of fact was as follows : "That just prior to the sale by the referee the said Jacob Barclay, this defendant, and Hiram W. Bradshaw made an agreement by which Barclay was to purchase the mortgaged premises for $2,800, and that the property should be put up for sale by the referee and struck off to this defendant at a nominal price, and then he should give said Barclay a deed of the same."

The defendant claims error in this judgment for the following reasons: *First.* There was no such agreement as contained in the eighth finding of fact, but the preponderance of evidence before the Special Term was that no such agreement was made ; that the defendant purchased the premises and afterwards sold them to Barclay, still retaining his deficiency judgment. *Second.* That Harris (plaintiff's agent) was informed at the administrators' sale of the deficiency judgment, and that it was a lien upon the premises sold, and was a part of the consideration of the sale to be paid by the purchaser. *Third.* That the proper parties were not before the court, as according to the plaintiff's claim the sale was for the benefit of Bradshaw, and his personal representatives should have been made parties to the action, and the complete determination of the controversy could not be had without their being made such parties.

The pivotal question in the case is whether there was a contract between Barclay, the defendant and Bradshaw as claimed by the plaintiff and found by the court. A careful examination of the evidence in the case would seem to sustain the finding of the trial court upon this question. Three witnesses testified upon the subject : Barclay, the defendant and his attorney Vandenberg. Barclay swears unequivocally to the contract as claimed by the plaintiff. The defendant and Vandenberg both admit in their testimony that Barclay and Bradshaw were both present at the sale; that Barclay said that he would not bid at the sale, but that the defendant could bid off the property and he (Barclay) would *take the title to the premises from the defendant ;* that before the sale the defendant and Barclay had a conversation and entered into an agreement that Barclay should pay $2,800 for the premises and that the defendant should deed them to him. No evidence was given showing that the deficiency judgment was to remain, but the amount paid, being $300 or $400 in excess of the entire

claim of the defendant in the foreclosure judgment, the inference seems irresistible from the testimony of these witnesses that Barclay took title from the defendant discharged of the said foreclosure judgment and all interest and costs. It was the duty of the defendant, if he intended when he sold this property to Barclay to reserve the right to enforce a deficiency judgment against it of nearly $1,000, to have so notified Barclay, and his failure to do so sustains the contention of the plaintiff as to what the real transaction was.

In regard to the second objection urged by the defendant it is sufficient to say that it cannot be maintained for the reason that Harris as agent for the plaintiff in no manner assumed to pay the said deficiency judgment or any portion thereof as a part of the consideration of the purchase. The agreement specified in the deed of the plaintiff, that she took the premises subject to all liens and incumbrances, simply meant such liens and incumbrances as were valid and could be enforced. This deficiency judgment should not have been entered. It was in fraud of the rights of Barclay. The deficiency on which the judgment was based had been paid before the judgment was entered. As the judgment was paid it could not be enforced at law or in equity, but it was an apparent incumbrance upon the plaintiff's property, and she could directly attack it as such, and none of the rights of the Bradshaw estate could be possibly affected by the judgment removing such cloud from her title. But, assuming it to have been a valid incumbrance, the plaintiff simply taking her deed *subject to it,* did not create an obligation on her part to pay it; in order to bind her so to do there must have been a covenant or obligation contained in her deed that she should pay it, and then, if she accepted the deed, she would be bound to do so. (*Belmont* v. *Coman,* 22 N. Y. 438; *Equitable Life Assurance Society* v. *Donovan,* 100 id. 628; *Smith* v. *Truslow,* 84 id. 660.)

Several witnesses on behalf of the defendant testified that when the terms of sale were read the question arose as to what these incumbrances were, and that the defendant's deficiency judgment was mentioned as one of them. Some of these witnesses are not clear whether this statement was made in the hearing of Harris. Harris denies that he heard anything of this kind, and the case does not contain any proof that the plaintiff, by her agent, agreed verbally or in writing to pay the deficiency judgment as a part of the purchase

price of the property. Some evidence was given to the effect that Harris had learned of this deficiency judgment before or at the time of the administrators' sale, but the plaintiff gave evidence tending to to show that Harris and others connected with the sale claimed that the judgment had been paid or could not be enforced. The Special Term finds that the terms of the sale were in writing, and there was evidence to sustain that finding, and it will not be questioned here.

The conclusions of the Special Term upon the facts seem to be fairly sustained by the evidence and are conclusive upon appeal.

As to the third contention, as to there not being the proper parties, the answer does not set up any defect of parties, nor did the Special Term reach the conclusion that it was necessary to bring in other parties before a complete determination of the matters in controversy in this action could be had, nor can we see that such action was necessary. The owner of the land upon which the deficiency judgment was an apparent lien and the owner of such judgment are parties to the action which would seem to be all that is necessary for the purpose of the action, which is simply to remove the cloud of the defendant's judgment from the plaintiff's land, but the defendant also contends that the effect of this judgment is to deprive the Bradshaw estate of the benefit of the alleged agreement testified to by Barclay and transfer the same to the plaintiff. This could only relate to what remained of the $2,800 paid by Barclay to the defendant over and above the amount of the defendant's costs, interest, etc. That amount is in the defendant's hands, and if it belongs to the estate of Bradshaw the defendant holds it as trustee of the Bradshaw estate, and may be liable to account as such to that estate. Be that as it may, the question does not concern us here, nor is it necessary to determine that question in this action.

But the judgment should be modified, so as to make it effectual to remove the cloud of the deficiency judgment from the plaintiff's land, and so as to satisfy it as against her, and as so modified affirmed, with costs to the plaintiff.

LEWIS and BRADLEY, JJ., concurred.

Judgment modified, so as to make it effectual to remove the cloud of the deficiency judgment from the plaintiff's land, and so as to satisfy it as against her, and as so modified affirmed, with costs to the plaintiff.