(59 Misc. Rep. 259.)

## MORRIS v. BURR et al.

(Supreme Court, Special Term, Kings County. May, 1908.)

1. PARTY WALLS—CONTRACTS AS TO USE—COVENANTS RUNNING WITH LAND.

   One of two adjoining owners having built a party wall, the other agreed for himself, his grantors, assigns, and legal representatives, that whenever he or they should use the wall they would pay the owner building the same $200, and that such covenant should bind the heirs, executors, administrators, grantees, and assigns of the respective parties, that it should be perpetual, and at all times be construed to be a covenant running with the land. Held, that the covenant was not personal only, but ran with the land, and was enforceable against the covenantor's subsequent grantees.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Party Walls, § 49.]

2. SAME—PARTIES.

   Where a covenant to contribute to the cost of a party wall on use thereof ran with the land, the covenantor's immediate grantee whose conveyance was subject to the covenant, and who used the wall, was not a necessary or proper party to a suit on the covenant after he had, in turn, conveyed the property to another, subject to the covenants and restrictions in former deeds.

Action by Daniel B. Morris against Wilfred Burr and others. On demurrer to the complaint. Overruled as to defendant Felgenhauer and sustained as to defendant Burr.

Peake & Peake, for plaintiff.
Backus & Lewis, for defendant Burr.
Joseph B. Merkert, for defendant Felgenhauer.

CARR, J. The plaintiff and one Swimm were at one time owners of adjoining lots in Brooklyn. In October, 1891, they entered into a written agreement, under seal, providing for the erection of a party wall on the dividing line of their respective premises. This agreement provided that the plaintiff should build the party wall, and that Swimm or his grantees, assigns, or legal representatives might use it at any time after its construction, upon payment of the sum of $200 to the plaintiff. Swimm agreed expressly as follows:

"The party of the second part hereby agrees for himself, his grantees, assigns, and legal representatives that whenever he or they shall use the said party wall, he or they will pay to the party of the first part the sum of two hundred dollars."

The agreement further provided:

"And it is hereby mutually understood, covenanted and agreed that the covenants herein contained shall apply to and bind the heirs, executors, administrators, grantees and assigns of the respective parties hereto; and it is further mutually covenanted and agreed by and between the parties hereto

that this agreement shall be perpetual and at all times construed into a covenant running with the land and that no part of the fee of the soil herein described and upon which the party wall shall be erected shall be conveyed or transferred by these premises."

Thereafter the plaintiff built the wall, and the defendant Burr, as one of the grantees under Swimm, subsequently used the wall in the construction of a house which he conveyed to the defendant Felgenhauer. The deed to Burr was made expressly "subject" to the agreement between the plaintiff and Swimm; and the deed from Burr to Felgenhauer was likewise made expressly "subject to covenants and restrictions in the former deeds."

The plaintiff contends that the covenant requiring payment for the use of the party wall runs with the land. He brings an action to procure a judgment declaring the amount in question a lien upon that portion of the land which is affected by the party wall structure and asks foreclosure and sale, if the amount be not paid within a period of time to be designated by the court. In this action he makes both Burr and Felgenhauer defendants. Both of the defendants demur to his complaint. Each of them contends that the covenant to contribute to the cost of the erection was personal to Swimm, and did not run with the land and in no way binds them or either of them. Burr is not now the owner of any land affected by the party wall. If the covenant runs with the land, it binds the land primarily, and creates no personal obligation against a subsequent grantee, unless he assumes expressly the burden of the covenant. Cole v. Hughes, 54 N. Y. 445, 13 Am. Rep. 611; Scott v. McMillan, 76 N. Y. 141. It is true that in Bedell v. Kennedy, 38 Hun, 510, a similar covenant was held to run with the land and to bind personally the grantees who used the party wall; but this decision was unsupported by authority, and in opposition to prior express rulings of the Court of Appeals, and I cannot consider it as a binding authority on this point. Therefore, assuming the plaintiff's contention that the covenant for contribution runs with the land, Burr, no longer owning the land, is neither a necessary nor a proper party to this action, as he did not expressly assume the burden of the covenant; and the complaint states no cause of action against him. Merely taking land "subject" to the burden of a lien creates no personal obligation on the grantee to satisfy the lien personally; the land itself being the exclusive source of satisfaction, without an express assumption of the obligation. If, however, the covenant does not run with the land, then no cause of action is stated against Felgenhauer, the present owner of the land.

If a covenant is of such a nature that it can run with the land, under the long settled rules of law, then the question whether it does not run with the land is one dependent upon the intent of the parties. A covenant of this nature can be made to run with the land if the parties so intend. Mott .v. Oppenheimer, 135 N. Y. 312, 31 N. E. 1097, 17 L. R. A. 409; Guentzer v. Juch, 51 Hun, 397, 4 N. Y. Supp. 39; Bedell v. Kennedy, 38 Hun, 510. It seems to me indisputable that the parties to the covenant here in question did so intend. Swimm expressly bound his "grantees," and agreed that the covenants should run with the land. The agreement was recorded pursuant to law, and

all subsequent grantees had constructive notice. It is contended, however, that under certain authorities in this state Swimm's covenant must be held to have been personal to himself, and not to run with the land. These authorities are Cole v. Hughes, 54 N. Y. 445, 13 Am. Rep. 611; Scott v. McMillan, 76 N. Y. 141; Sebald v. Mulholland, 155 N. Y. 455, 50 N. E. 260; Hart v. Lyon, 90 N. Y. 663. Each of these authorities contains general language which, as in all judicial decisions, must be confined in scope to the precise facts upon which the opinions are based. In the Cole Case, ut supra, the plaintiff was a grantee of a lot affected by a party wall agreement under which his grantor had built the wall, and which provided for contribution to his grantor from the adjoining owner whenever the wall should be used by the adjoining owner or his assigns. The plaintiff sued at law to recover from a grantee of the adjoining owner the sum of money provided to be contributed. It was held that he could not recover; and the decision was based upon three grounds, as follows: (a) The agreement for contribution was personal to his grantor, and the plaintiff, as a mere grantee of the land, did not acquire its benefit; (b) the agreement was personal to the owner of the adjoining land and did not bind his grantees; (c) the obligation was sought to be enforced as personal against the grantee of the adjoining owner, and, as there was no express assumption of the covenant, there could be no personal liability. It will be seen, therefore, that the part of the opinion which held that a covenant of this character must be personal on the part of the adjoining owner and did not run with the land was in no way necessary to the decision and may be considered obiter. Furthermore, in that case there was no express language binding "grantees" or providing that the covenant should run with the land. Likewise is the opinion in the Scott Case, ut supra, which was decided expressly on the strength of the Cole Case. Nor is the recent case of Sebald v. Mulholland, ut supra, any more in point. In that case the agreement for contribution was clearly personal to the builder of the wall, and the action was brought by a grantee of that person without any special or general assignment of the grantor's rights for contribution under the party wall agreement. Then, again, the agreement for contribution expressly bound only the parties and their "personal representatives." There was no language whatever attempting expressly to bind "grantees," as there is in the case at bar. Nor is the decision in Hart v. Lyon, 90 N. Y. 663, in any way determinative of the question now under consideration, as in that case there was no attempt to bind the grantees in express language, and the covenant, therefore, was held to be purely personal and not to run with the land.

I am of the opinion, therefore, that the covenant here in question clearly runs with the land. The demurrer of the defendant Felgenhauer is therefore overruled, with leave to him to answer on the usual terms. The demurrer of the defendant Burr is sustained.